# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 08-cv-02477-REB-BNB

BRANDON ARCHULETA,

    Plaintiff,

v.

CORRECTIONAL HEALTHCARE MANAGEMENT, INC., a Colorado corporation,
JANE DOE MEDICAL DIRECTOR, Individually and in her official capacity as Medical Director of Correctional Healthcare Management, Inc.,
JANET DEHLER, M.D., Individually and in her official capacity as Physician for Correctional Healthcare, Inc.,
LINDA ADDISON, R.N., Individually and in her official capacity as Registered Nurse for Correctional Healthcare Management, Inc.,
CRAIG THOMPSON, L.P.N., Individually and in his official capacity as Licensed Practical Nurse for Correctional Healthcare Management, Inc.
KAREN STURGEON, L.P.N., Individually and in her official capacity as Licensed Practical Nurse for Correctional Healthcare Management, Inc., and
JOHN AND JANE DOE, Individually and in their official capacity as unknown medical employees of Correctional Healthcare Management, Inc.,

    Defendants.

## ORDER RE: MOTION TO DISMISS

**Blackburn, J.**

The matter before me is **CHM Defendants' Combined Motion and Brief To Dismiss Plaintiffs' § 1983 Claim** [#16] filed January 16, 2009.  I grant the motion in part and deny it in part.

## I.  JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

## II.  STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  ***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993); **see also *Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 123 S.Ct. 1908 (2003).  I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'"  ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570, 127 S.Ct. 1955, 1969, 1974, 167 L.Ed.2d 929 (2007)).  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  ***Id.*** (emphases in original).[1]

---

[1] ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit recently clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just

2

### III.  ANALYSIS

On November 15, 2006, plaintiff Brandon Archuleta was incarcerated at the Jefferson County Detention Center on a parole violation.  He underwent a medical intake screening, performed by employees of defendant Correctional Healthcare Management, Inc. ("CHM"), a private entity that contracted with Jefferson County to provide medical services to prisoners at the Jefferson County Detention Center.  During the intake screening, plaintiff informed unspecified employees of CHM that he suffered from a seizure disorder.

Shortly thereafter, plaintiff did, in fact, have a seizure and was administered Dilantin, an anti-convulsant drug.  He alleges that soon after receiving the drug, he complained to CHM employees that he was feeling hot and nauseous, which are common adverse side effects of treatment with Dilantin and/or its generic equivalent, Phenytoin.  Despite plaintiff's complaints, CHM employees continued to treat him with both Dilantin and Phenytoin interchangeably, despite his complaints of continuing adverse side effects.

Plaintiff became increasingly sicker as treatment with these medications continued and the dosages were progressively increased.  He suffered from nausea,

---

speculatively) has a claim for relief.

> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974; internal citations and footnote omitted).

dizziness, lethargy, and tremors.  He became unable to keep down any food or liquid, and broke out in a pimple-like rash.  Although both plaintiff and his wife advised CHM employees of his worsening condition, he claims that his requests for treatment were ignored or refused.  Although a lab test performed on December 13, 2006, allegedly showed potentially toxic levels of the drugs in plaintiff's blood, defendants continued to treat him with Dilantin and/or Phenytoin.

On December 16, plaintiff complained to defendant Linda Addison, R.N., of these and other symptoms.  Addison noted that plaintiff's tonsils were slightly swollen and moderately red, and that he was slumped and leaning against the wall.  Defendant Janet Dehler, M.D., examined plaintiff that same day.  She found that he had a rash covering his upper trunk, that his throat was enlarged, and that his Dliantin level was elevated, but did nothing.  The following night, in response to plaintiff's repeated complaints, defendant Craig Thompson, L.P.N., examined him and noted a rash covering plaintiff's upper torso and thighs, as well as swelling of his lips and redness of his ears.  Thompson allegedly notified Dehler of these findings, but no further action was taken.

The following day, plaintiff reported to Thompson that he was having difficulty breathing.  He also had a fever, and his face and lips were swollen.  After Thompson notified Dehler, plaintiff was transported to the hospital, where he was diagnosed with Dilantin toxicity and Stevens-Johnson Syndrome, a potentially life-threatening skin disease that may result from treatment with anti-convulsant drugs.  Plaintiff was taken to the burn unit and placed into a medically induced coma for a month.  He claims that he suffers from residual nerve and muscle damage and chronic pain as a result of his

treatment by defendants.

Plaintiff alleges an Eighth Amendment claim[2] for deliberate medical indifference to his serious medical needs.[3]  Defendants have moved to dismiss this claim for failure to state a claim on which relief may be granted.  They maintain that plaintiff has failed to identify a policy or custom that was the "moving force" behind the alleged constitutional injury, and, therefore, have failed to state a cognizable claim against them.  ***See Monell v. Department of Social Services of the City of New York***, 436 U.S. 658, 694-95, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978).    Plaintiff counters that the complaint sufficiently alleges the failure to promulgate appropriate policy and/or the failure to adequately train and supervise CHM employees to withstand a motion to dismiss.

Initially, it should be noted that CHM, having contracted to provide services typically provided by local government, is considered to be the "functional equivalent" of the municipality.  ***See Buckner v. Toro***, 116 F.3d 450, 452 (11th Cir.), ***cert. denied***, 118 S.Ct. 608 (1997).  ***See also Powell v. Shopco Laurel Co.***, 678 F.2d 504, 506 (4th Cir. 1982); ***Iskander v. Village of Forest Park***, 690 F.2d 126, 128 (7th Cir. 1982); ***Taylor v. Plousis***, 101 F.Supp.2d 255, 263 (D.N.J. 2000); ***Miller v. City of Philadelphia***, 1996

---

[2]  Although plaintiff also intermittently invokes the Fourteenth Amendment as well, it is clear that the substance of his claim is governed by the standards of the Eighth Amendment.  ***See Albright v. Oliver***, 510 U.S. 266, 273, 114 S.Ct. 807, 813, 127 L.Ed.2d 114 (1994) (where a particular constitutional amendment provides the explicit textual source of constitutional protection, that provision governs over the more generalized protections of Fourteenth Amendment). ***Cf. Lopez v. LeMaster***, 172 F.3d 756, 759 n. 2 (10th Cir. 1999) (pre-trial detainee's claim for deliberate indifference to serious medical needs arises under the Fourteenth Amendment, albeit measured by standards of the Eighth Amendment, which applies to prisoner claims).

[3]  Plaintiff also alleges state law claims for medical negligence.  These claims are not implicated by the instant motion.

WL 683827 at * 8 (E.D. Pa. Nov. 25, 1996).[4]  For this reason, neither CHM nor any of its employees may be held liable simply on the basis of *respondeat superior*.  **See Monell**, 98 S.Ct. at 2036; **Worrell v. Henry**, 219 F.3d 1197, 1214 (10th Cir. 2000), **cert. denied**, 121 S.Ct. 2521 (2001).  More specifically, to support their claim that CHM's alleged failure to implement appropriate policies that could have prevented plaintiff's injuries, "plaintiff[s] must demonstrate the [CHM's] inaction was the result of 'deliberate indifference' to the rights of its inhabitants."  **Graves v. Thomas**, 450 F.3d 1215, 1218 (10th Cir. 2006).  This standard is met "when the municipality has actual or constructive notice that its action or failure is substantially certain to result in a constitutional violation, and it consciously and deliberately chooses to disregard the risk of harm."  **Barney v. Pulsipher**, 143 F.3d 1299, 1307 (10th Cir. 1999); **see also Meade v. Grubbs**, 841 F.2d 1512, 1528 (10th Cir. 1988) (liability for complete failure to train, or for training that is so grossly inadequate that future misconduct is almost inevitable).  Such notice, however, is rarely demonstrable from a single incident of constitutionally deficient action or inaction.  **See Oklahoma City v. Tuttle**, 471 U.S. 808, 823, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).  Nevertheless,

> [i]n a "narrow range of circumstances," however, deliberate indifference may be found absent a pattern of unconstitutional behavior if a violation of federal rights is a "highly predictable" or "plainly obvious" consequence of a municipality's action or inaction, such as when a municipality fails to train an employee in specific skills needed to handle recurring situations, thus presenting an obvious potential for

---

[4]  Although the Tenth Circuit has not addressed the issue directly, it has stated in dicta that private corporations that contract to provide services on behalf of local government entities are liable for civil rights violations to the same extent as the municipality.  **Dubbs v. Head Start, Inc.**, 336 F.3d 1194, 1216 & n.13 (10th Cir. 2003), **cert. denied**, 124 S.Ct. 1411 (2004).

constitutional violations.

***Barney***, 143 F.3d at 1307-08 (citations omitted).

The complaint contains no allegations of an ongoing pattern of conduct suggestive of deliberate indifference. Instead, it focuses solely on the incident involving plaintiff himself. Additionally, the allegations of the complaint fail to substantiate a conclusion that this case falls within that limited subset in which a single incident is sufficiently indicative of a failure to adhere to constitutional requirements to support a claim against the municipal entity, or in this case, its functional equivalent. Nothing in the complaint tends to suggest that CHM had actual or constructive notice of any constitutionally problematic actions by its employees that it failed to address. Nor has plaintiff identified any specific way in which CHM's alleged failure to train or supervise its employees was potentially or actually deficient. ***See City of Canton v. Harris***, 489 U.S. 378, 390-91, 109 S.Ct. 1197, 1206, 103 L.Ed.2d 412 (1989).[5] Although the complaint parrots all the apposite legal buzzwords, it fails to allege a single fact demonstrating that plaintiff has a reasonable likelihood of mustering support for a cognizable Eighth

---

[5] Although the complaint makes generalized references to the "CHM Defendants" or "CHM," such global allegations are insufficient to provide fair notice, as required by Fed.R.Civ.P. 8(a), that any particular defendant had actual or constructive knowledge of plaintiff's complaints:

> [T]he burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants. Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.

***Robbins***, 519 F.3d at 12450.

Amendment deliberate indifference claim against CHM.[6]  **See Ridge at Red Hawk, L.L.C.,** 493 F.3d at 1177.

Moreover, the complaint states no facts to support its conclusory assertion that the unnamed Medical Director of CHM "instigated and/or participated in the mistreatment of Plaintiff." Such bare legal conclusions are insufficient to withstand a motion to dismiss. Likewise, the claims against the other unnamed John and Jane Doe employees do not state cognizable claims against any particular individual. To the extent these defendants are alleged to have been involved by virtue of their roles in promulgating and enforcing policy for CHM and/or for training and supervising CHM employees, the claims against them fail for the same reasons as do those against CHM and the Medical Director. Although the complaint also alleges claims against the John and Jane Doe defendants for their alleged roles in providing treatment to plaintiff, it fails to set forth sufficient factual detail to suggest that any particular individual was responsible for any specific treatment decision. **See Robbins v. Oklahoma**, 519 F.3d 1242, 12450 (10th Cir. 2008); **see also supra** note 5.[7]

On the other hand, with respect to the individually named CHM defendants – Dehler, Addison, Thompson, and Sturgeon – the complaint sufficiently alleges their

---

[6] In connection with their response, plaintiff has filed a putative motion for leave to file an amended complaint. The Local Rules of this District expressly provide that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." **D.C.COLO.LCivR** 7.1C. The motion, therefore, may be denied on that basis alone. Nevertheless, the proposed amendment fails substantively as well. Nothing therein alleges any *facts*, as opposed to legal conclusions, showing that CHM ignored an obvious need to institute any particular type of policy or failed to train and supervise its employees in the performance of their duties. Nor does it cure the deficiencies noted with respect to the claims asserted against the various Doe defendants.

[7] If discovery should reveal the identities or further identifying characteristics of these individuals, or additional factual detail regarding their involvement in plaintiff's treatment, plaintiff may move to amend the complaint at that time.

direct, personal participation in plaintiff's treatment. The failure to plead an unconstitutional policy or custom is no barrier when such direct involvement is alleged. *See Meade*, 841 F.2d at 1527.[8] Moreover, plaintiff has alleged specific, particularized facts as to these defendants' actions that are sufficient to state a cognizable claim for deliberate indifference under the Eighth Amendment.

Defendants argue that a mere disagreement with the course of treatment prescribed by a medical professional is insufficient to state an Eighth Amendment claim, *see Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999), and, therefore, that their prescription of anti-convulsant medications to treat plaintiff's seizures cannot have been constitutionally deficient as a matter of law. This argument misses the mark. Plaintiff is not complaining of the decision to treat him with Dilantin and/or Phenytoin *per se*. Rather, his claim is based on the delay in responding to the serious and potentially life-threatening side effects of his treatment. I find the allegations of the complaint sufficient to suggest both that plaintiff's condition was objectively sufficiently serious, *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001), and that the named individual defendants subjectively failed to act despite

---

[8] The individual defendants are putatively sued in both their official and individual capacities. It is not entirely clear to me that an employee of a private entity, even one that contracts to provide services traditionally provided by government, has an official capacity in which to be sued. *See Richardson v. McKnight*, 521 U.S. 399, 412, 117 S.Ct. 2100, 2107-08, 138 L.Ed.2d 540 (1997) (holding that private prison guards were not entitled to qualified immunity from section 1983 claims). *See also Landi v. Borough of Seaside Park* 2009 WL 606141 at *5 (D.N.J. March 9, 2009) ("Generally, asserting a cause of action against an individual in his or her official capacity is a plaintiff's attempt to circumvent the Eleventh Amendment and sue a state agency or entity of which the defendant is an agent."); *Edison v. Douberley*, 2008 WL 4194813 at *6 (M.D. Fla. Sept. 9, 2008) (citing *Rosario v. American Corrective Counseling Services, Inc.*, 506 F.3d 1039, 1047 (11th Cir. 2007)) (noting that "Eleventh Amendment immunity for a private contractor is not automatic just because the contractor performs a governmental function"). Because neither party addresses the issue here, however, and because it does not affect the resolution of the present motion, I will not consider it further at this juncture.

knowledge of a substantial risk of harm, **Mata v. Saiz**, 427 F.3d 745, 752 (10th Cir. 2005).  Although a mere misdiagnosis of non-specific symptoms will not support an Eighth Amendment deliberate indifference claim, a missed diagnosis or delayed referral may state a cognizable claim where, *inter alia*, the defendant completely denies care despite the existence of symptoms that potentially create a medical emergency, or denies or delays referral despite recognizing that the condition is outside his area of medical expertise.  **Self v. Crum**, 439 F.3d 1227, 1232-33 (10th Cir.), **cert. denied**, 127 S.Ct. 131 (2006).  Those scenarios are plausibly implicated by the allegations of plaintiff's complaint.

Defendants also move to dismiss plaintiff's claim for punitive damages, arguing that Colorado law prohibits the pleading of such a claim absent in an initial pleading. **See** § 13-21-102(1.5)(a), C.R.S..  Assuming *arguendo* that this state statute prescribing pleading requirements is applicable in this federal lawsuit to plaintiff's state law claims, **see Van Leeuwan v. Nuzzi**, 810 F.Supp. 1120, 1124 (D. Colo. 1993),[9] plaintiff also may be entitled to punitive damages in connection with his federal constitutional claims, **see Smith v. Wade**, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983). Defendants' motion as to this aspect of plaintiff's complaint, therefore, must be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That **CHM Defendants' Combined Motion and Brief To Dismiss Plaintiffs'**

---

[9] Although the court in **Van Leeuwan** did strike the plaintiff's request for punitive damages, it did so on the basis that the plaintiff's negligence claims were incompatible with Colorado's requirement that punitive damages may be awarded only on proof of fraud, malice, or willful and wanton conduct.  **Van Leeuwan**, 810 F.Supp. at 1124.  As the procedural posture of that case involved a motion for summary judgment, the pleading requirements of paragraph 102(1.5)(a) clearly were not implicated.

**§ 1983 Claim** [#16] filed January 16, 2009, is **GRANTED IN PART** and **DENIED IN PART**;

2. That the motion is **GRANTED** with respect to plaintiff's claims against defendants, Correctional Healthcare Management, Inc., Jane Doe Medical Director, Individually and in her official capacity as Medical Director of Correctional Healthcare Management, Inc., and John and Jane Doe, Individually and in their official capacity as unknown medical employees of Correctional Healthcare Management, Inc., and those claims are **DISMISSED**;

3. That defendants, Correctional Healthcare Management, Inc., Jane Doe Medical Director, Individually and in her official capacity as Medical Director of Correctional Healthcare Management, Inc., and John and Jane Doe, Individually and in their official capacity as unknown medical employees of Correctional Healthcare Management, Inc., are **DROPPED** as named parties to this action, and the case caption **AMENDED** accordingly;

4. That the motion is **DENIED** otherwise, and

5. That plaintiff's putative motion for leave to file an amended complaint, which motion is contained within **Plaintiffs' Response in Opposition to the CHM Defendants' Motion To Dismiss Plaintiffs' § 1983 Claim and Cross-Motion for Leave To File an Amended Complaint** [#23] filed February 4, 2009, is **DENIED**.

Dated May 8, 2009, at Denver, Colorado.

                                                      **BY THE COURT:**

                                                      *Bob Blackburn* (signature)
                                                      Robert E. Blackburn
                                                      United States District Judge